# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1<br><br>**Plaintiff**<br><br>vs.<br><br>Scott R. Verrill<br><br><br><br>**Defendant**<br>Lincoln Capital, LLC a Maine Limited Liability Company<br><br>**Party-In-Interest** | CIVIL ACTION NO:<br><br><br><br><br>**COMPLAINT**<br><br>RE:<br>60 Range Road, Cumberland, ME 04021<br><br>Mortgage:<br>January 26, 2006<br>Book 23656, Page 317<br>Cumberland County Registry of Deeds |

NOW COMES the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Scott R. Verrill, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, in which the Defendant, Scott R. Verrill, is the obligor and the total amount owed under the terms of the Note is Seven Hundred Fifteen Thousand Four Hundred Fifty-Five and 22/100 ($715,455.22) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1 is a corporation with its principal place of business located at c/o Select Portfolio Servicing, Inc., 3815 South West Temple, Salt Lake City, UT 84115.

5. The Defendant, Scott R. Verrill, is a resident of Cumberland, County of Cumberland and State of Maine.

6. The Party-in-Interest, Lincoln Capital, LLC, is located at c/o Steven W. Rand 55 Stroudwater Street, Westbrook, ME 04092.

# FACTS

7. On September 30, 2003, by virtue of a Warranty Deed from Wasabi Properties, Inc., which is recorded in the Cumberland County Registry of Deeds in **Book 20307, Page 303**, the property situated at 60 Range Road, City/Town of Cumberland, County of Cumberland, and State of Maine, was conveyed to Scott R. Verrill, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On January 26, 2006, Defendant, Scott R. Verrill, executed and delivered to New Century Mortgage Corporation a certain Note under seal in the amount of $450,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on January 26, 2006, Defendant, Scott R. Verrill executed a Mortgage Deed in favor of New Century Mortgage Corporation, securing the property located at 60 Range Road, Cumberland, ME 04021 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 23656**, **Page 317**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to U.S. Bank National Association by virtue of an Assignment of Mortgage dated October 19, 2007 and recorded in the Cumberland County Registry of Deeds in **Book 25623**, **Page 81**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1 by virtue of a Confirmatory Assignment dated February 25, 2016 and recorded in the Cumberland County Registry of Deeds in Book 32969, Page 283.

See Exhibit E (a true and correct copy of the Confirmatory Assignment is attached hereto and incorporated herein).

12. The Mortgage was further assigned to U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1 by virtue of an Assignment of Mortgage dated December 20, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 36357**, **Page 54**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto

13. On August 24, 2021, the Defendant, Scott R. Verrill, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certified Mail Tracking Number (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Scott R. Verrill, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

15. The Defendant, Scott R. Verrill, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, is the lawful holder and owner of the Note and Mortgage.

18. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

19. Lincoln Capital, LLC a Maine Limited Liability Company is a Party-in-Interest pursuant to a Writ of Junior Mortgage in the amount of $235,000.00 dated April 14, 2006, and recorded in the Cumberland County Registry of Deeds in **Book 23862**, **Page 256** and is in first position behind Plaintiff's Mortgage.

20. The total debt owed under the Note and Mortgage as of November 20, 2021 is Seven Hundred Fifteen Thousand Four Hundred Fifty-Five and 22/100 ($715,455.22) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $597,616.14 |
| Interest | $71,875.07 |
| Escrow/Impound Required | $44,604.15 |
| Late Fees | $112.95 |
| Total Advances | $1,246.00 |
| interest on Advances | $0.91 |
| Grand Total | $715,455.22 |

21. Upon information and belief, the Defendant, Scott R. Verrill, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

22. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

23. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 60 Range Road, Cumberland, County of Cumberland, and State of Maine. *See* Exhibit A.

24. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, has the right to foreclosure and sale upon the subject property.

25. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, is the current owner and investor of the aforesaid Mortgage and Note.

26. The Defendant, Scott R. Verrill, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2017, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

27. The total debt owed under the Note and Mortgage as of November 10, 2021 is Seven Hundred Fifteen Thousand Four Hundred Fifty-Five and 22/100 ($715,455.22) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $597,616.14 |
| Interest | $71,875.07 |
| Escrow/Impound Required | $44,604.15 |

| | |
|---|---:|
| Late Fees | $112.95 |
| Total Advances | $1,246.00 |
| interest on Advances | $0.91 |
| Grand Total | $715,455.22 |

28. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

29. By virtue of the Defendant, Scott R. Verrill's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

30. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Scott R. Verrill, on August 24, 2021, evidenced by the Certified Mail tracking number. *See* Exhibit G.

31. The Defendant, Scott R. Verrill, is not in the Military as evidenced by the attached Exhibit H.

## COUNT II – BREACH OF NOTE

32. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

33. On January 26, 2006, the Defendant, Scott R. Verrill, executed under seal and delivered to New Century Mortgage Corporation a certain Note in the amount of $450,000.00. *See* Exhibit B.

34. The Defendant, Scott R. Verrill, is in default for failure to properly tender the October 1, 2017 payment and all subsequent payments. *See* Exhibit G.

35. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Scott R. Verrill.

36. The Defendant, Scott R. Verrill, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

37. The Defendant Scott R. Verrill's breach is knowing, willful, and continuing.

38. The Defendant Scott R. Verrill's breach has caused Plaintiff U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

39. The total debt owed under the Note and Mortgage as of November 10, 2021, if no payments are made, is Seven Hundred Fifteen Thousand Four Hundred Fifty-Five and 22/100 ($715,455.22) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $597,616.14 |
| Interest | $71,875.07 |
| Escrow/Impound Required | $44,604.15 |
| Late Fees | $112.95 |
| Total Advances | $1,246.00 |
| interest on Advances | $0.91 |
| Grand Total | $715,455.22 |

40. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

41. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

42. By executing, under seal, and delivering the Note, the Defendant, Scott R. Verrill, entered into a written contract with New Century Mortgage Corporation who agreed to loan the amount of $450,000.00 to the Defendant. *See* Exhibit B.

43. As part of this contract and transaction, the Defendant, Scott R. Verrill, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

44. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, is the proper holder of the Note and successor-in-interest to New Century Mortgage Corporation, and has performed its obligations under the Note and Mortgage.

45. The Defendant, Scott R. Verrill, breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2017 payment and all subsequent payments. *See* Exhibit H.

46. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Scott R. Verrill.

47. The Defendant, Scott R. Verrill, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

48. The Defendant, Scott R. Verrill, is indebted to U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1 in the sum of Seven Hundred Fifteen Thousand Four Hundred Fifty-Five and 22/100 ($715,455.22) Dollars, for money lent by the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, to the Defendant.

49. Defendant Scott R. Verrill's breach is knowing, willful, and continuing.

50. Defendant Scott R. Verrill's breach has caused Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

51. The total debt owed under the Note and Mortgage as of November 10, 2021, if no payments are made, is Seven Hundred Fifteen Thousand Four Hundred Fifty-Five and 22/100 ($715,455.22) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $597,616.14 |
| Interest | $71,875.07 |
| Escrow/Impound Required | $44,604.15 |
| Late Fees | $112.95 |
| Total Advances | $1,246.00 |
| interest on Advances | $0.91 |
| Grand Total | $715,455.22 |

52. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

53. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

54. New Century Mortgage Corporation, predecessor-in-interest to U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, loaned Defendant, Scott R. Verrill, $450,000.00.  *See* Exhibit B.

55. The Defendant, Scott R. Verrill, is in default for failure to properly tender the October 1, 2017 payment and all subsequent payments.  *See* Exhibit H.

56. As a result of the Defendant Scott R. Verrill's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1.

57. As such, the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

58. The Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

59. New Century Mortgage Corporation, predecessor-in-interest to U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, loaned the Defendant, Scott R. Verrill, $450,000.00. *See* Exhibit B.

60. The Defendant, Scott R. Verrill, has failed to repay the loan obligation.

61. As a result, the Defendant, Scott R. Verrill, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1 as successor-in-interest to New Century Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

62. As such, the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, upon the expiration of the period of redemption;

c) Find that the Defendant, Scott R. Verrill, is in breach of the Note by failing to make payment due as of October 1, 2017, and all subsequent payments;

d) Find that the Defendant, Scott R. Verrill, is in breach of the Mortgage by failing to make payment due as of October 1, 2017, and all subsequent payments;

e) Find that the Defendant, Scott R. Verrill, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Scott R. Verrill, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2017 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Scott R. Verrill has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, to restitution;

j) Find that the Defendant, Scott R. Verrill, is liable to the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, for money had and received;

k) Find that the Defendant, Scott R. Verrill, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Scott R. Verrill, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Scott R. Verrill, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, is entitled to restitution for this benefit from the Defendant, Scott R. Verrill;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Scott R. Verrill, and in favor of the Plaintiff, U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1, in the amount of Seven Hundred Fifteen Thousand Four Hundred Fifty-Five and 22/100 ($715,455.22 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

        Respectfully Submitted,
        U.S. Bank N.A., as Trustee, on Behalf of the
        Holders of the J.P. Morgan Mortgage
        Acquisition Trust 2006-NC1 Asset Backed
        Pass-Through Certificates, Series 2006-NC1,
        By its attorneys,

Dated: January 12, 2022

        /s/Reneau J. Longoria, Esq.
        Reneau J. Longoria, Esq., Bar No. 5746
        Attorneys for Plaintiff
        Doonan, Graves & Longoria, LLC
        100 Cummings Center, Suite 303C

Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com