## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1 | ) ) ) ) ) | |
| Plaintiff | ) ) | **CIVIL ACTION NO. 2:22-cv-9 JDL** |
| v. | ) ) | *Re: 60 Range Road, Cumberland, Maine* |
| | ) ) | |
| Scott R. Verrill, | ) ) ) ) | |
| Defendant | ) ) | |
| Lincoln Capital, LLC, a Maine Limited Liability Company | ) ) ) | |
| Party-In-Interest | ) | |

### MOTION TO INTERVENE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF BY FIRST AMERICAN TITLE INSURANCE COMPANY

Pursuant to Federal Rule of Civil Procedure 24(a) and/or (b), First American Title Insurance Company ("**First American**"), through undersigned counsel, respectfully moves to intervene in this lawsuit and requests that the Court expeditiously rule on this Motion. In support of the Motion, First American States as follows:

### I. Procedural Background to this Case.

1. On January 12, 2022, a *Complaint* [Dkt. No. 1] (the "**Complaint**") was filed with this Court initiating the action captioned *U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1 v. Scott R. Verrill* [Case No. 2:22-cv-00009-JDL] (the "**Range Road Foreclosure Case**").

2. According to the Complaint, the defendant, Scott Verrill, took title to real estate and improvements thereto located at 60 Range Road, Cumberland, Maine (the "**Range Road Property**") by deed dated September 30, 2003 and recorded in Cumberland County Registry of Deeds in Book 20307, Page 303.  Complaint, ¶ 7.

3. According to the Range Road Foreclosure Case, the foreclosing lender claims its interest in the Range Road Property by virtue of a *Mortgage Deed* recorded on February 8, 2006 in the Cumberland County Registry of Deeds in Book 23656, Page 317. Complaint, ¶ 9.

## II. Factual Background to First American's Interest in this Case.

4. First American too claims an interest in the Range Road Property.  Its interest arises by virtue of an *Assignment of Judgments and Execution Liens* (the "**Assignment**") from John and Cathy Costa to First American recorded on April 13, 2020 in the Cumberland County Registry of Deeds in Book 36586, Page 28.

5. The Assignment assigned and transferred all the rights and interests of John and Cathy Costa in and to the following judgments and writs of execution to First American:

    A. A certain judgment issued in favor of John and Cathy Costa and against Verrill & Chase Builders, Inc. by the Cumberland County Superior Court, in an action entitled *John and Cathy Costa v. Verrill & Chase Builders, Inc.*, Docket No. CV-05-50 (the "**First Judgment**");

    B. A certain judgment issued in favor of John and Cathy Costa and against Scott Verrill by the District Court, Division of Southern Cumberland, in an action entitled *John and Cathy Costa v. Verrill & Chase Builders, Inc. and Scott Verrill*, Docket No. POR-SA-05-408 (the "**Second Judgment**" and together with the First Judgment, the "**Judgments**");

  C. A writ of execution (the "**First Writ**") in favor of John and Cathy Costa and against Verrill & Chase Builders, Inc. in the principal amount of $71,192.99. The First Writ was recorded on May 17, 2005 in the Cumberland County Registry of Deeds at Book 22642, Page 23;

  D. A writ of execution (the "**Second Writ**") issued in favor of John and Cathy Costa against both Verrill & Chase Builders, Inc. and Scott Verrill individually in the principal amount of $71,192.99. The Second Writ was recorded on December 20, 2006 in the Cumberland County Registry of Deeds at Book 24682, Page 307; and

  E. A renewal of the Second Writ (the "**Renewal Writ**"). The Renewal Writ was recorded on February 7, 2013 in the Cumberland County Registry of Deeds at Book 30377, Page 102.

6. By virtue of the Assignment of the Second Writ and the Renewal Writ, First American holds "a lien . . . upon the right, title and interest of [Scott Verrill] in all real estate against which a mortgage would be duly perfected if filed in the registry . . . ." 14 M.R.S. § 4651-A(1).

7. First American was not named as a party in interest in the Range Road Foreclosure Case, notwithstanding that First American holds an interest in the Range Road Property.

### III. Argument

8. First American is entitled to intervene as of right pursuant to Rule 24(a). In the alternative, permissive intervention under Rule 24(b) is likewise warranted.

  *A.* *First American Is Entitled to Intervene as a Matter of Right.*

9. Federal Rule of Civil Procedure 24(a) provides that on timely motion, the Court must permit intervention of anyone who "claims an interest relating to the property or transaction

3

that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

10. In accordance with Rule 24, a prospective intervenor should be permitted to intervene as of right if: "(1) it timely moved to intervene; (2) it has an interest relating to the property or transaction that forms the basis of the ongoing suit; (3) the disposition of the action threatens to create a practical impediment to its ability to protects its interest; and (4) no existing party adequately represents its interests." *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc*., 440 F.3d 541, 544-45 (1st Cir. 2006).

### i. *First American's Motion Is Timely*.

11. Four factors guide this Court's consideration of whether intervention is timely: (1) the length of time the prospective intervenor knew or reasonably should have known of its interest before petitioning to intervene; (2) the prejudice to the parties caused by failure to petition for intervention promptly; (3) the prejudice the prospective intervenor would suffer if not allowed to intervene; and (4) the existence of unusual circumstances militating for or against intervention. *United States v. Metro. Dist. Comm'n*, 865 F.2d 2, 5 (1st Cir. 1989). "A motion to intervene is timely if it is filed promptly after a person obtains actual or constructive notice that a pending case threatens to jeopardize his rights." *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp*., 584 F.3d 1, 8 (1st Cir. 2009).

12. There can be no question that First American's motion is timely. Less than 14 days have passed since First American learned of the action on January 25, 2022. More importantly, no existing party has been prejudiced by First American's failure to intervene even sooner. *See Garrity v. Gallen*, 697 F.2d 452, 455 (1st Cir. 1983) (the timeliness requirement of Rule 24 is

4

designed to "insure[] that existing parties to the litigation are not prejudiced by the failure of would-be intervenors to act in a timely fashion"). This case is in its infancy. No answer or Rule 12 motion has been filed, no scheduling order has been entered, and, to First American's knowledge, no discovery has commenced. First American's presence in the litigation will not burden or prejudice the current parties in any way.

13. Conversely, there could be significant prejudice to First American should the Court not grant intervention. First American claims an interest in the Range Road Property and it should be provided the opportunity to seek a judicial determination as to the priority of that interest as well as the validity and extent of other liens and interests claimed in the Range Road Property.

### ii. *First American Has Significant Interests at Stake*.

14. First American clearly has a significant, protectable "interest relating to the property or transaction" at issue in this litigation, as contemplated by Rule 24(a)(2). Here, First American's interest satisfies a literal reading of Rule 24(a)(2): the case concerns specific property to which First American lays claim.

### iii. *The Disposition of This Case Could Impair First American's Interests*.

15. The same rationale that supports the conclusion that First American has a property interest in the Range Road Property at issue in this case also dictates that the proposed disposition of that same property will "as a ***practical*** matter impair or impede" First American's ability to protect that interest without intervention. Fed. R. Civ. P. 24(a)(2) (emphasis supplied). First American is of course aware that, pursuant to Maine statute, a foreclosure deed "conveys the premises free and clear of all interests of the parties in interest *joined in the action*." 14 M.R.S. § 6323(1) (emphasis supplied); *see also U.S. Dep't of Housing and Urban Development v. Union Mortg. Co.*, 661 A.2d 163, 165-66 (Me. 1995) ("[A] sale of property that has been judicially

foreclosed does not convey the premises free and clear of a recorded interest if the holder of that interest is not made a party to the action."). While these authorities may allow an omitted junior interest holder to "ride through" a foreclosure case unaffected,[1] First American believes, as a practical matter, being omitted will impede its lien enforcement efforts as to the Range Road Property. The third factor for intervention as a matter of right is therefore satisfied.

### iv. The Existing Parties Do Not Adequately Represent First American's Interests.

16. The fourth prong of the Rule 24(a)(2) test "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (citation omitted). First American has satisfied this minimal threshold showing. While First American and the foreclosing creditor share a theoretical interest in ensuring that the Range Road Property is sold for the most available money, those interests diverge as to both priority and extent of their respective interests in the property. The same is true with respect to the defendant, Scott Verrill.

### B. First American Is Also Entitled to Permissive Intervention.

17. Even if a party is not entitled to intervene as a matter of right, as First American is here, the Court has discretion to allow permissive intervention on timely motion to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Once a prospective intervenor "satisfie[s] this threshold requirement," the district

---

[1] For the avoidance of doubt, First American is not conceding that its interest in the Range Road Property is junior to any particular interest except for inchoate liens in favor of the Town of Cumberland. With respect to all issues concerning the validity, priority, and extent of all liens and interests claimed in the Range Road Property, First American reserves and preserves all rights and arguments.

court has broad discretion to grant intervention under Rule 24(b). *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999); *Canadian Nat'l Ry. Co. v. Montreal, Me. & Atl. Ry., Inc.*, No. CV 10-452-B-W, 2010 WL 5168003, at *8 (D. Me. Dec. 14, 2010) ("The discretion to allow intervention—substantial already—is greatest when the issue is one of intervention by permission.").

18. The claims of First American to the Range Road Property share several common questions of fact and law with those asked to be resolved by virtue of the Complaint, including which lien claimant should have priority in the distribution of the proceeds from the Range Road Property. Accordingly, First American has made the requisite threshold showing. Permissive intervention is allowable, and, if the Court reaches the question here, should be granted for reasons like those that merit intervention as of right. The Court's discretion in this analysis is broad, but two factors are of particular importance: "(1) whether a named party will adequately represent the intervenor's interests; and (2) whether intervention will either 'delay the lawsuit or prejudice the adjudication of the rights of the original parties.'" *Canadian Nat'l Ry. Co.*, 2010 WL 5168003, at *8 (citation omitted). Here, those factors weigh in First American's favor.

19. Because First American's interests conflict with the defendant Scott Verrill and compete with the plaintiff foreclosing lender's, it is apparent that the named parties will not adequately represent First American's rights in this litigation. On the other hand, given the promptness of this Motion and that no answer or other response to the Complaint has been filed, the requested intervention will neither delay the lawsuit nor prejudice the adjudication of rights.

### IV. Conclusion

For the foregoing reasons, the Court should grant the Motion to Intervene. In connection therewith, First American respectfully requests that it be provided no less than 21 days in which

to answer or otherwise respond to the *Complaint*[2] and for such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  February 1, 2022 | FIRST AMERICAN TITLE INSURANCE COMPANY |
| | BY ITS COUNSEL: |
| | /s/ *Nathaniel R. Hull* |
| By: | Nathaniel R. Hull, Maine Bar No. 4532 |
| | **VERRILL DANA LLP** |
| | One Portland Square |
| | Portland, ME  04101; 207-774-4000 |
| | nhull@verrilldana.com |

---

[2] *See, e.g.*, *Peaje Invs. LLC v. García-Padilla*, 845 F.3d 505, 515 (1st Cir. 2017) ("Several circuits, including our own, have eschewed overly technical readings of Rule 24(c) similar to that applied by the district court here. . . . Accordingly, denial of a motion to intervene based solely on the movant's failure to attach a pleading, absent prejudice to any party, constitutes an abuse of discretion.") (internal citations omitted).  Given than neither the defendant nor the named party-in-interest have responded to the Complaint, First American respectfully requests that it be permitted time to answer or otherwise respond to the Complaint, rather than filing those pleadings with this Motion.

15674857_1